UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CASEY MITCHELL and
MICHAEL MITCHELL, a minor,
by Bonnie Mitchell, his
natural parent and
guardian ad litem,

        NO. Civ.S-11-2202 LKK/CKD

    Plaintiffs,

  v.

RIVERSTONE RESIDENTIAL         O R D E R
GROUP; RIVERSTONE RESIDENTIAL
WEST, LLC; RIVERSTONE
RESIDENTIAL CA, INC.; and
DOES 1 through 100, inclusive,

    Defendants.
                                    /

Pending before the court is Plaintiffs' motion to approve the compromise of the disputed claims of Plaintiff Michael Mitchell, a minor. Pls' Mot., ECF No. 22. For the reasons provided herein, the court grants Plaintiffs' motion.

**BACKGROUND**

Plaintiffs are Michael Mitchell, a 15 year-old male, appearing by and through his parent and guardian ad litem Bonnie Mitchell,

1

and Casey Mitchell, the father of Michael Mitchell.  Plaintiffs allege that they agreed to rent an apartment from Defendant after they had received assurances that the apartment would be suitable for use by a child in a motorized wheelchair but, instead: the apartment was not accessible by wheelchair; the parking area adjacent to the building lacked proper handicapped parking; Plaintiffs were assigned a parking space not suitable for use by an individual with disabilities; drainage problems near the only available path of access to Plaintiffs' unit caused Michael's wheelchair to track stagnant water and mud into the unit; and Plaintiffs' complaints and requests regarding these issues often went unremedied.  Plaintiffs filed a civil action in state court alleging a denial of civil rights, disability discrimination, and housing accommodation discrimination against Defendants Riverstone Residential Group, Riverstone Residential West, LLC, and Riverstone Residential CA, Inc, and pursuant to California laws.  See Donoghue Decl., ECF No. 25, at ¶¶ 3-5; Notice of Removal, ECF No. 1, at 13-17 (Pls' Compl.).  On August 18, 2011, the action was removed to this court based solely on diversity of citizenship.  Notice of Removal, ECF No. 1.

    On January 22, 2013, Plaintiffs filed a notice of settlement in this case.  Not., ECF No. 18.  On March 22, 2013, Plaintiffs filed the instant motion to approve the proposed settlement of a disputed claim of a minor, which Defendants do not oppose.  See Pls' Mot., ECF No. 22; Stip., ECF No. 23.

    This court has a duty to protect the interests of minors

participating in litigation before the court. Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011) (citing Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

According to the holding in Robidoux, the court's inquiry focuses solely on an evaluation of "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1182. This evaluation must be made "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel." Id.

Robidoux, however, expressly limited its holding to cases involving the settlement of a minor's federal claims, and did not set forth the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims. See id. at 1179 n.2. Nevertheless, a number of district courts have applied the rule provided in Robidoux to evaluate the propriety of a settlement of a minor's state law claims as well. See, e.g., McCue v. South Fork Union School Dist., No. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *2, 2012 U.S. Dist. LEXIS 102131, at *6 (E.D.Cal. July 23, 2012); Doe ex rel. Scott v. Gill, Nos. 11-cv-4759-CW, 11-cv-5009-CW, 11-cv-5083-CW, 2012 WL 1939612, at *1-2, 2012 U.S. Dist. LEXIS 74250, at *4-6 (N.D.Cal.

May 29, 2012); <u>Arriaga ex rel. Bryson v. Target Corp.</u>, No. 10-cv-1167-LKK-KJM, 2012 WL 1720503, at *1, 2012 U.S. Dist. LEXIS 67974, at *3 (E.D.Cal. May 15, 2012); <u>Colbey T. v. Mt. Diablo Unified Sch. Dist.</u>, No. 11-cv-03108-LB, 2012 WL 1595046, at *2, 2012 U.S. Dist. LEXIS 62930, at *5-6 (N.D.Cal. May 4, 2012).

Here, the court is sitting in diversity and Plaintiffs' claims are brought solely pursuant to California state laws. <u>See</u> Notice of Removal, ECF No. 1, at 13-17 (Pls' Compl.). Thus, while this court considers the guidance provided in <u>Robidoux</u>, it places more weight upon the considerations used by this district pre-<u>Robidoux</u> in evaluating the proposed settlement currently at issue.

In considering the fairness of a settlement of a minor's claim, federal courts generally are guided by state law. <u>See</u> 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Civil Procedure Before Trial* (Cal. & 9th Cir. Eds. 2013) Pretrial Conference and Settlement Procedures, ¶ 15:138. A settlement for a minor and attorney fees to represent a minor must be approved by the court. CAL. PROB. CODE § 3601; CAL. FAM. CODE § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. CAL. PROB. CODE § 3601. It has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney fees in contingency cases for minors, subject to a showing of good cause to exceed that rate. <u>See</u>, <u>e.g.</u>, <u>McCue</u>, 2012 WL 2995666, at *2; <u>Walden v. Moffett</u>, No. 04-cv-6680-LJO-DLB, 2007 WL 2859790, at *3, 2007 U.S. Dist. LEXIS 70507, at *6 (E.D.Cal. Sept. 20, 2007); <u>Schwall v. Meadow</u>

4

1  Wood Apartments, No. 07-cv-0014-LKK, 2008 WL 552432, at *1, 2008
2  U.S. Dist. LEXIS 18819, at *3-4 (E.D.Cal. Feb. 27, 2008); Red v.
3  Merced Cnty., No. 1:06-cv-1003-GSA, 2008 WL 1849796, at *2, 2008
4  U.S. Dist. LEXIS 51119, at *5-6 (E.D.Cal. April 23, 2008); Welch
5  v. Cnty. of Sacramento, No. 2:07-cv-00794-GEB-EFB, 2008 WL 3285412,
6  at *1, 2008 U.S. Dist. LEXIS 116197, at *2-3 (E.D.Cal. Aug. 5,
7  2008).

    Additionally, the Eastern District of California has issued Local Rules ("L.R.") that govern the procedure for submitting requests for approval of a proposed settlement or compromise of a minor.  In actions in which a minor is represented by an appointed representative where the United States courts have exclusive jurisdiction, "the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230." L.R. 202(b)(2); see also L.R. 202(b)(1).

    Local Rule 202(b)(2) further provides that an application for approval of a settlement of a minor:

> shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, [and] the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

L.R. 202(b)(2).

    In support of the instant motion, Plaintiffs' counsel has submitted a declaration providing attestations in accordance with

Local Rule 202(b)(2).  See Donoghue Decl., ECF No. 25.

The proposed settlement of Michael Mitchell's claims would result in a net amount of $4,947.23, to be paid to a parent of the minor, Bonnie Mitchell, upon the terms and under the conditions specified in Cal. Prob. Code §§ 3401-3402, and without bond. Plaintiffs' counsel attests that: (1) "[t]he compromise amount was based on general damages only arising from the inconvenience, annoyance and stress of dealing with delayed accommodations and accessability issues"; (2) "Plaintiffs do not claim any damages for medical treatment expenses or severe emotion[al] distress arising from Defendant's conduct"; (3) "Defendants adamantly maintain that no violation of Plaintiffs' rights occurred"; and (4) "[t]he compromise amount was the product of over a years['] worth of negotiating." Id. at ¶ 6.

The gross amount of the settlement in favor of the claimant is $8,000.00, with $1,649.07 of those proceeds to be paid Plaintiffs' counsel as attorney's fees, and with $1,403.70 to reimburse Plaintiffs' counsel for the costs of suit. Pls' Pet., ECF No. 20, at ¶¶ 11-15. Thus, the attorney's fees would not exceed 25% of the total recovery.

Given the attestations provided by Plaintiffs' counsel, this court finds that the net amount to be distributed to Michael Mitchell in the proposed settlement is fair and reasonable, in light of the facts of the case and the minor's specific claims against Defendants.  The court also finds the proposed attorney's fees and costs as delineated in the proposed settlement to be

6

reasonable and, thus, approves those fees and costs.

     Accordingly, the court ORDERS as follows:

         [1] Plaintiffs' motion to approve the compromise of the disputed claim of a minor, ECF No. 22, is GRANTED.

         [2] The hearing on Plaintiffs' motion, currently set for Monday, April 22, 2013 at 10:00 A.M. is VACATED.

IT IS SO ORDERED.

DATED: April 17, 2013.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT